<u>**NOT FOR PUBLICATION**</u>

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| **HAROLD M. HOFFMAN,** | : | **Civil Action No. 14-5201** |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| **ALITALIA-COMPAGNIA AEREA** | : | |
| **ITALIANA S.p.A.,** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

## I.   INTRODUCTION

This matter comes before the Court by way of Defendant Alitalia-Compagnia Aerea Italiana S.p.A.'s ("Defendant") objection to Magistrate Judge Steven Mannion's Report and Recommendation dated March 23, 2015, in which Judge Mannion recommended that this Court grant Plaintiff Harold M. Hoffman's ("Plaintiff") motion to remand this matter to Superior Court. For the reasons set forth herein, Judge Mannion's Report and Recommendation is adopted and Plaintiff's motion to remand is **GRANTED.**

## II.   BACKGROUND

Plaintiff brought suit in Superior Court, alleging that Defendant lost one piece of checked luggage during Plaintiff's flight from New York to Naples. See Compl., Dkt. No. 1-1. Defendant removed this matter, asserting federal question jurisdiction. See Notice of Removal, Dkt. No. 1. Plaintiff then moved to remand, asserting that this Court lacked federal question jurisdiction as no federal cause of action was pled. See Mot. to Remand, Dkt. No. 4. In opposition, Defendant

argued that the Montreal Convention completely preempts all Plaintiff's claims and, therefore, the Court has federal question jurisdiction.

In his Report and Recommendation, Judge Mannion concluded Plaintiff's claims were not preempted, and instead the Montreal Convention constitutes an affirmative defense to Plaintiff's damage claim. In reaching this conclusion, Judge Mannion relies upon DeJoseph v. Continental Airlines, Inc., 18 F. Supp. 3d 595 (D.N.J. 2014) (McNulty, J.) and Constantino v. Continental Airlines, Inc., No. 13-1770, 2014 WL 2587526 (D.N.J. June 9, 2014) (Cecchi, J.), in which two other courts within this District concluded that the Montreal Convention does not completely preempt state law claims.

## III.   STANDARD OF REVIEW

### a.   Review of a Report and Recommendation

When a magistrate judge addresses motions that are considered dispositive, the magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).

Motions to remand to state court are dispositive motions. In re United States Healthcare, 159 F.3d 142, 146 (3d Cir. 1998). Thus, this Court must conduct a de novo determination of those portions of Judge Mannion's Report and Recommendation to which Defendant objects.

### b.   Removal Standard

Pursuant to 28 U.S.C. § 1441, "[a] civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim." Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). 28 U.S.C.

§ 1441 must be strictly construed against removal and all doubts be resolved in favor of remand. Id. at 346. The removing party bears the burden of establishing the federal court's jurisdiction. Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

The Court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, whether a case arises under federal law is governed by the "well-pleaded complaint rule," which provides a case does not "arise under" federal law unless the complaint affirmatively alleges a federal claim. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Thus, a plaintiff "may [generally] avoid federal jurisdiction by exclusive reliance on state law" in his or her complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The doctrine of "complete preemption" constitutes an exception to the "well-pleaded complaint rule." DiFelice v. Aetna U.S. Heathcare, 346 F.3d 442, 446 (3d Cir. 2003).

> The complete preemption doctrine applies when "the pre-emptive force of [the federal statutory provision] is so powerful as to displace entirely any state cause of action [addressed by the federal statute]. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [the federal provision]."

Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 354 (3d Cir. 1995) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 23 (1983)) (alterations in original). Even if a federal law constitutes a complete defense to a state law claim, removal is not warranted on that basis alone. Beneficial, 539 U.S. at 9.

## IV.   ANALYSIS

Neither the Supreme Court nor the Third Circuit has addressed whether the Montreal Convention completely preempts state law. In El Al Israel Airlines, Ltd. v. Tseng, however, the Supreme Court addressed the preemptive effect of the Montreal Convention's predecessor treaty,

the Warsaw Convention.  See 525 U.S. 155 (1999).  The Tseng Court concluded that a plaintiff could not recover under local law "when her claim does not satisfy the conditions for liability under the [Warsaw] Convention."  Id. at 176.  Federal courts, in interpreting Tseng, offered "varying interpretations of the Warsaw Convention's preemptive reach."  DeJoseph, 18 F. Supp. 3d at 602.  Some courts concluded that the Warsaw Convention completely preempted state claims, while others interpreted Tseng as merely establishing conflict preemption.  See, e.g., Sompo Japan Ins., Inc. v. Nippon Caro Airlines Co., Ltd., 522 F.3d 776 (7th Cir. 2008); Husmann v. Trans World Airlines, Inc., 169 F.3d 1151 (8th Cir. 1999).

The Warsaw Convention was repealed and replaced with the Montreal Convention.  Article 29 of the Montreal Convention provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, *whether under this Convention or in contract or in tort or otherwise*, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other noncompensatory damages shall not be recoverable.

(emphasis added).  The Court recognizes that there is a divergence of opinion as to whether Article 29 preempts state law claims.  Within this District, however, two courts have recently concluded that Article 29, while perhaps constituting an affirmative defense and limitation on damages, does not completely preempt any state law claims.  See DeJoseph, 18 F. Supp. 3d at 600; Constantino, 2014 WL 2587526, at *3.

This Court finds the reasoning of DeJoseph and Constantino persuasive and concludes that the Montreal Convention does not completely preempt Plaintiff's state claims.  The Court agrees that the inclusion of the phrase "whether under this Convention or in contract or in tort or otherwise" in Article 29 implies that claims may be brought both under the Convention and not

4

under the Convention.  In reaching this conclusion, the Court is also guided by the Third Circuit's mandate that 28 U.S.C. § 1441 be narrowly construed against removal.

While Defendants attempt to distinguish <u>DeJoseph</u> and <u>Constantino</u> on the grounds that Plaintiff here referred to the Montreal Convention in the Complaint, the Court is satisfied that Plaintiff's references to the Montreal Convention do not warrant a contrary result.  Because Plaintiff only pleads state law claims and the Montreal Convention does not completely preempt such claims, removal was improper and remand is warranted.

### V.   CONCLUSION

For the reasons set forth herein, Plaintiff's motion to remand [Dkt. No. 4] is **GRANTED**. An appropriate Form of Order accompanies this Opinion.

**Dated: April 28, 2015**                          _/s Madeline Cox Arleo_____
                                                      **Hon. Madeline Cox Arleo**
                                                      **United States District Judge**

5